[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action the facts are as follows:
On June 23, 1993 the defendants executed a mortgage note in the face amount of $125,969.00 in favor of the plaintiff's assignor, together with a mortgage deed securing the note on property at 33 Franklin Street, Manchester, Connecticut. At the closing plaintiff's assignor collected from defendants a Federal Housing Authority prepaid mortgage insurance payment of $3,669.00. Plaintiff's assignor sent the premium to U.S. Department of Housing and Urban Development (hereinafter "HUD"), but never logged the transaction in the HUD computer or sent the closing package to HUD. The evidence was this was the mortgagee's responsibility to do within 60 days of the transaction.
The defendants defaulted on the mortgage in November 1993, as a result of defendant Granville Glasco losing his job. Plaintiff's assignor advised the defendants in March 1994 that they could apply to have HUD accept an assignment of the defaulted mortgage and promised, "If you appeal to HUD, we will not foreclose until HUD has time to review your case."
The HUD program then provided that when HUD accepted assignment of a mortgage, it restructured the monthly payments for thirty-six months to an amount the mortgagor could pay and extended the maturity date of the loan for up to ten years.
The defendants followed the plaintiff's assignor's recommendation to apply to HUD for it to accept assignment of defendants' mortgage. On May 20, 1994 HUD rejected the defendants' application on the grounds, "this property is not CT Page 4702 insured by HUD." It also informed plaintiff's assignor it could proceed with foreclosure of the loan. Plaintiff's assignor commenced this foreclosure proceeding on July 5, 1994.
The defendants' interpose the following special defense: plaintiff's assignor promised that it would not foreclose while defendants' application to HUD was pending; defendants' relied upon that promise; while defendants' application was under consideration and before defendants received a decision from HUD, plaintiff's assignor started the action; defendants are entitled to a period of forbearance and plaintiff should be precluded from foreclosing at this time.
The facts do not establish that defense. HUD rejected defendants' application in May 1994 and plaintiff's assignor did not initiate this action until July 1994. That defendants were not informed of HUD's decision is irrelevant, as long as plaintiff's assignor waited until after that decision to start this action.
Defendants' counterclaim is to the effect that plaintiff's assignor failed to complete the necessary insurance endorsement with HUD, thereby presenting defendants' application to HUD for assignment of their mortgage from being considered on its merits. Defendants, however, did not establish their application was likely to be approved. HUD had a regulation that a condition of approval was that a loan be current for six months, and the facts here are that defendants defaulted after four months.
Defendants alleged in their counterclaim that plaintiff's failure to acquire the HUD mortgage insurance resulted in impairment of their credit rating, their incurring attorney's fees, threat of possible eviction, and severe personal trauma and consternation. Defendants are not entitled to attorney's fees; threat of eviction is always a possibility when a mortgagor defaults on his payments, and defendants failed to prove plaintiff's failure caused impairment of their credit or intentional infliction of emotional distress. Accordingly, judgment may enter for plaintiff on defendants' counterclaim.
The court further finds the amount owed by defendants to plaintiff is $171,957.22 and the value of the subject property is $98,000.00. A judgment of strict foreclosure may enter in favor of plaintiff, with a law day of June 2, 1997. Plaintiff is awarded counsel fees of $2,500.00, title fee of $150.00 and CT Page 4703 appraisal fee of $300.00.
R. Satter Judge Trial Referee